Slip Op. 25-145

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MATRA AMERICAS, LLC and MATRA ATLANTIC GmbH,** | |
| **Plaintiffs,** | |
| **and** | |
| **KOEHLER PAPER SE and KOEHLER OBERKIRCH GmbH**, | |
| **Plaintiff-Intervenors,** | **Before: Gary S. Katzmann, Judge** |
| **v.** | **Consol. Court No. 21-00632** |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **APPVION, LLC and DOMTAR CORP.,** | |
| **Defendant-Intervenors.** | |

## JUDGMENT

Following remand, the United States Department of Commerce ("Commerce") submitted the Final Results of Redetermination Pursuant to Court Remand, Aug. 29, 2025, ECF No. 99 ("Remand Results"). On September 29, 2025, Appvion LLC and Domtar Corporation filed comments objecting to Commerce's decision on remand, arguing that interest expenses from unpaid duties "should have been reclassified as U.S. indirect selling expenses . . . to be deducted from [constructed export price]." Comments of Plaintiffs Domtar Corporation and Appvion, LLC in Opposition to Commerce's Remand Determination at 2, Sep. 29, 2025, ECF No. 104. Upon this court's issuance of an opinion in Domtar Corp. v. United States, 49 CIT __, 2025 WL 2888003

(Oct. 10, 2025) holding that Commerce's determination that accrued interest from unpaid duties is not an indirect selling expense is supported by substantial evidence and in accordance with law, Appvion LLC and Domtar Corporation agreed to withdraw their objections.  See Joint Status Report, Nov. 17, 2025, ECF No. 108.  All parties now agree that the court should sustain Commerce's final remand results.  See id.  Accordingly, and pursuant to Rule 56.2 of the Rules of the Court, it is hereby **ORDERED** that Commerce's Remand Results in this action are sustained.

**SO ORDERED**.

/s/      *Gary S. Katzmann*
Gary S. Katzmann, Judge

Dated: November 20, 2025
New York, New York